(33 App. Div. 318.)

### PEOPLE ex rel. JACOBUS v. VAN WYCK, Mayor.

(Supreme Court, Appellate Division, First Department.   October 7, 1898.)

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—VETERANS.
    Under Greater New York Charter, § 943, directing the mayor to appoint five persons to constitute a board of assessors; and section 95, authorizing him, before the end of the first six months of his term, to remove any officer appointed by him,—he can remove a veteran member of the board of assessors of the former city government before the adoption of the charter, notwithstanding section 127, which provides that veterans who cannot under existing law be removed except for cause and on a hearing shall be retained under the new government in like position and under the same conditions as before.
    Rumsey, J., dissenting.

Appeal from special term.

Mandamus by the people, on the relation of John W. Jacobus, against Robert A. Van Wyck, as mayor of the city of New York. There was an order granting a peremptory writ (53 N. Y. Supp. 71), and defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
Henry L. Stimson, for respondent.

PATTERSON, J.   If the relator's rights were dependent only upon the provisions of section 127 of the Greater New York Charter, and the fact that under the consolidated city government there are certain officials whose duties in some respects are the same as those performed by the relator prior to January 1, 1898, there would be no question of his right to the mandamus issued in this proceeding, and from the order granting which this appeal is taken.   My first impressions were that the discussion was limited to those considerations, and that the decision of the special term was right, but more mature reflection and a study of other provisions of the charter satisfy me that the relator was not entitled to the writ.   It is incontestable that on the 31st day of December, 1897, the relator was the incumbent of an office from which, as the law then stood, he could not be removed except for cause and after hearing; and he was then entitled to all the protection afforded him by the constitu-

tion and the laws of the state as a veteran soldier. Section 127 of the Greater New York Charter was undoubtedly intended to continue in office certain veterans of the army and navy and volunteer fire department, and it is to be observed that the whole force of that section is to retain in office such veterans, "in like positions and under the same conditions, * * * to serve under such titles and in such way as the head of the appropriate department or the mayor may direct." The officials referred to do not require appointment, but merely a transfer from one position to another. They are kept in office by force of the statute. We have therefore a provision by which the persons referred to in that section are to be retained in office "under the same conditions, one of which conditions is that they are irremovable, except for cause and upon a hearing. The necessary construction of this section, therefore, must be that those who come within its protection cannot be removed except as stated. The relator was one of four who constituted the board of assessors of the mayor, aldermen, and commonalty of the city of New York, for local improvements. By section 943 of the Greater New York Charter, the mayor is specifically directed to constitute a new board. The provision is: "The mayor shall appoint five persons who shall constitute the board of assessors." Here is a provision which looks to the establishment of an entirely new board, to be constituted by direct appointment. There are five persons, each of whom is to derive his authority, not from retention in office under section 127, but from the act of appointment by the mayor. There is no other title by which the office can be held. Manifestly, this provision is inconsistent with the idea of the retention of office provided for by the 127th section; and the purpose of the specific legislation made by the 943d section becomes apparent when we consider the 95th section of the charter, which provides that, at any time within six months after the commencement of his term of office, the mayor, etc., may remove from office any public officer holding office by appointment from the mayor, except members of the board of education and school boards, and except judicial officers for whose removal other provisions are made by the constitution. The provision of section 943 imposing upon the mayor the duty of appointing the five persons who shall constitute the board of assessors, read in connection with the provisions of the 95th section giving to the mayor the absolute power of removal of any of his appointees within the period of six months after the commencement of his term of office, excludes the idea that either of the five persons constituting the board of assessors can claim the right of retention under section 127, and irremovability, otherwise than under the statute relating to veterans. In other words, the intent of section 943 is that the assessors therein mentioned holding office by appointment are to be subject to the removal provided for by section 95, and therefore, by special provision, section 127 cannot apply to the particular officers mentioned in section 943. The present case is not therefore affected by the Haverty Case, 149 N. Y. 607, 45 N. E. 1133; and the relator was not entitled to the writ.

The order must be reversed.

INGRAHAM, J., concurs.

Order reversed, with costs.

VAN BRUNT, P. J. (concurring). It seems to me to be the clear intention of the charter to make the mayor personally responsible for the government of the city, by giving him full power of appointment and removal in respect to the several boards composing the city government, of which the board of assessors is one. By section 943 of the charter, the mayor is directed to appoint five persons, who shall constitute the board of assessors. By section 95 of the charter, the mayor is given the power, within six months after the commencement of his term, when, in his judgment, the public interest shall so require, to remove from office any public officer holding office by appointment from the mayor, except members of the board of education and school boards, and except, also, judicial officers, for whose removal other provision is made by the constitution. After the expiration of such six months, the mayor can only remove upon charges preferred and an opportunity to be heard, etc. It is to be observed that the requirement is that the mayor shall appoint five persons to be a board of assessors. It is to be a new board, different from the one which preceded it, in regard to the nature of its duties, in regard to its tenure of office, and in regard to the appointing power. The previous board was removable at pleasure by the tax commissioners who appointed them, except in the case of veterans. The new board can be removed at pleasure during the first six months of the mayor's term, and then cannot be removed by the mayor except for cause; and the incoming mayor is certainly given the absolute power of removal, even though one of the members of the board may be a veteran. I find nothing in the act which can possibly be construed to prevent such a removal by the first mayor.

It is claimed in the case at bar that the mayor had no power to appoint five members of the board of assessors, but that, because the relator was a veteran, he could only appoint four, and was bound to retain the relator in his position, claiming it to be a like position, pursuant to the requirements of section 127 of the charter. It seems to me that this construction absolutely destroys the manifest intent of the charter, takes away, by implication, power expressly and absolutely given in another section, prevents the fulfillment of distinct requirements, about the language of which there can be no dispute, and deprives the first mayor of New York of an authority which his successor undoubtedly has. It seems to me that the case of People v. Barker, 149 N. Y. 607, 45 N. E. 1133, has not the slightest application to the case at bar.

The order should be reversed.

RUMSEY, J. (dissenting). I put my vote for an affirmance of this order upon the grounds stated in the very satisfactory opinion of the learned justice who decided the case at the special term (53 N. Y. Supp. 71); nor would I feel it necessary to add a word to that opinion

but for some suggestions which have been made since the decision of the case by him, and which he had not adverted to.

It is said that the absolute power of removal granted to the mayor by section 95 of the Greater New York Charter is inconsistent with the duty claimed to be imposed upon him by section 127 of that law, to retain the relator in office as a veteran. It is, however, doubtful, whether the law has given to the mayor, by section 95, the absolute power of removal of any official who is entitled to remain in office under the provisions of section 127. But passing that question, which it is unnecessary even to consider, it is very clear that the power of removal given to the mayor has nothing whatever to do with the manner of appointment; and no argument as to the manner of appointment or as to the tenure of office of any appointed officer can be drawn from the absolute power of removal given to the mayor by section 95. The reasons for giving that power to the mayor are very clear. In him is vested the responsibility for the action of officers whom he selects to administer the different departments of the city. It is not impossible that in the selection of so large a number of officials a mistake may be made by him as to the qualifications or ability of any one of them; and, to enable him to correct such a mistake if he has made it, this power of removal within a limited time is given to him, as in justice it ought to be, where he is substantially made responsible for the whole administration of the government of the city. because of his power of selection. But that power has no relation whatever to the regular tenure of office of those who have been appointed. It is a special power, granted for a particular purpose; and, although it is absolute, it is not to be supposed that it will be exercised without good reasons. It must be considered purely as a means given to the mayor to protect his administration and insure its success. In this view, as it seems to me, no argument can be drawn from this section, as to the tenure or the manner of selection of any official. If it be true that the relator, having been retained under the provisions of section 127, can be removed by virtue of the authority given to the mayor by section 95, it is no more than occurs in the case of any other official who is appointed by the mayor; and it affords no reason why any provision of the statute regulating his appointment or his tenure of office should be disregarded. The single question, as stated by Judge Chase, is whether the relator comes within the provisions of section 127. If he does, the provisions of that section are peremptory, and must be obeyed. For the reasons given by him, it is quite clear that the relator is precisely within the terms of this section. His tenure of office is the same as those of the assessors of the old city of New York. By express provision of the statute, the board of assessors performs the same duties as the old board (Greater New York Charter, § 945), but extended over the whole territory of the Greater New York, and the additional powers given to them are of precisely the same nature. The salary is the same. The only differences between the duties of the two positions are mere differences of detail, which do not affect the nature of the duties to be performed. All the sections of this charter, of course,

are to be construed in harmony so far as possible; and there is nothing inconsistent to my mind with the retention of those assessors who come within the rule laid down in section 127, and the power given to the mayor by section 943 to appoint a board of assessors. Section 127 contains no exception as to any officials, but expressly applies by its terms to all veterans who are entitled to serve during good behavior, or who cannot be removed except for cause. The relator can only be deprived of the rights given to him by section 127 by a species of judicial legislation based upon an assumed intention of the lawmaking power, but which has no warrant in any words to be found in the act.

The learned counsel for the appellant insists that there are two questions of fact to be decided, and for that reason the motion should have been denied, pursuant to the direction of the statute which authorizes the granting of a peremptory writ of mandamus upon motion only where the applicant's right depends upon questions of law. Code Civ. Proc. § 2070. The court below made no reference to this point, and whether the objection was taken before it or not does not appear, but it is quite clear that, if taken, it was properly disregarded. The alleged questions of fact suggested by the learned corporation counsel are purely questions of law, and nothing else.

It is claimed, too, that the veteran acts apply only to heads of departments. Whether that be so it is not necessary to consider. The departments of the government of Greater New York are specified by section 96 of the charter. The board of assessors does not constitute one of those departments.

It is unnecessary to pursue the subject further. There can be, as it seems to me, no escape from the conclusions reached by the learned court below, and its order should be affirmed.